# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN COTTILLION, *et al.*, on behalf of themselves and all others similarly situated, | Civil Action No. 09-140E |
| Plaintiffs, | Judge Cathy Bissoon |
| v. | |
| UNITED REFINING COMPANY, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

This matter is before the Court upon Defendants' Motion to Stay Pending Appeal (Doc. 272). For the reasons that follow, Defendants' Motion will be denied.

### BACKGROUND

The facts underlying the instant motion are well known to the parties and will be summarized only briefly here. On April 8, 2013, District Judge Sean J. McLaughlin issued a Memorandum Opinion and Order granting summary judgment in favor of Plaintiffs on their claim that Defendants had violated ERISA's anti-cutback provision, § 204(g), 29 U.S.C. § 1054(g)(2). (Doc. 186). On November 13, 2013, this Court granted Plaintiff's Motion for Class Certification (Doc. 192) and entered, by way of remedy, the following pertinent orders:

> F. Defendants are enjoined by applying any actuarial reduction for early commencement to the unreduced early retirement benefits that class members accrued under the 1980 and/or 1987 Plan Documents.
>
> G. With respect to those class members who have reached their early retirement date and have commenced receiving their benefits, judgment

> is entered for the difference between the amount of the unreduced benefit payments they should have been paid and the amount of the benefit payments they actually received, plus interest at 7.5 percent.
>
> \* \* \* \* \* \* \* \*
>
> H. With respect to those class members who have reached their early retirement date but have not yet commenced receiving benefits, it is hereby ORDERED that Defendants must provide each class member so situated with the opportunity to immediately elect to commence receiving an unreduced benefit if they so choose.

(Doc. 223) ("November 13 Order"). Both parties subsequently appealed. (Docs. 234, 242, 270, 271).

Shortly thereafter, the parties entered into negotiations in an attempt to reach an agreement to stay the judgment pending appeal. They were able to reach an agreement with respect to Part G of the Court's November 13 Order, secured by Defendants' entry of a supersedeas bond in the amount of $700,773.38. See Brett Declaration, Ex. 1 ¶¶ 3-4 (Doc. 282-1). However, the parties could not reach a negotiated agreement to stay the injunctive relief ordered in Parts F and H of the November 13 Order.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 62(c) provides that, when "an appeal is taken from an interlocutory or final judgment . . . denying an injunction," a court, in its discretion, "may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Federal Rule of Appellate Procedure 8(a)(1)(C) provides that the party seeking an order "suspending, modifying, restoring, or granting an injunction while an appeal is pending" must "ordinarily move first in the district court" for such relief. Both Rules generally are governed by

the same factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Groupe SEB USA, Inc. v. Euro-Pro Operating LLC, 2014 WL 2504741, at *1 (W.D. Pa. June 3, 2014) (*citing* Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

Federal Rule of Civil Procedure 62(d) provides for an automatic stay pending appeal upon the posting of a supersedeas bond by the appellant. "Although the rule provides that the stay takes effect upon the district court's approval of the bond, the party posting the bond is entitled to a stay as of right; the court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." Frommert v. Conkright, 639 F.Supp.2d 305, 308 (W.D.N.Y. 2009) (*citing* American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966)).

**ANALYSIS**

    **A. Rule 62(d)**

As an initial matter, Defendants maintain that they are entitled to an automatic stay pursuant to Rule 62(d) by virtue of the supersedeas bond that they posted. Fed. R. Civ. P. 62(d). However, it is well-settled that "Rule 62(d) is applied only to money judgments." Frommert v. Conkright, 639 F.Supp.2d 305, 308 (W.D.N.Y. 2009) (quotations and string cites omitted). Where the relief provided by an order is injunctive, Rule 62(c) governs. Id. In determining which rule to apply, courts are instructed to consider whether the underlying order instructed a party to "do or perform an act" as opposed to simply paying a calculable amount of money.

See, e.g., Donovan v. Fall River Foundry Co., Inc., 696 F.2d 524, 526 (7th Cir. 1982) (stating that the Rule 62(d) procedure "makes little sense as applied to an order to do, rather than an order to pay").

Defendants contend that the injunctive relief awarded in Parts F and H of the November 13 Order falls squarely within the purview of Rule 62(d) because the future benefits awarded pursuant to those provisions can be easily calculated. Defendants cite the district court decision in Frommert for the broad proposition that "any aspect of [a] judgment relating to defendants' obligation to make future payments is more accurately viewed as monetary." Frommert, 639 F.Supp.2d at 311. In the underlying matter at issue in Frommert, the district court had ordered the defendant pension plan to "recalculate plaintiff's retirement benefits . . . and to pay each plaintiff a lump sum in the amount of the difference between the amount of benefits that each plaintiff has received, and the amount of the recalculated benefit." Frommert, 639 F.Supp.2d at 309. The district court determined that the relief contained in that order "was clearly . . . an order 'to pay' rather than an order 'to do.'" Id. (*citing* Donovan, 696 F.2d at 526).

Unlike in Frommert, the portions of this Court's November 13 Order that are relevant to the instant motion directed Defendants to take several actions beyond simply paying an amount of money. Specifically, the Court instructed Defendants to: (1) immediately provide class members who have reached their early retirement date but have not yet commenced receiving benefits with the opportunity to immediately elect to commence receiving an unreduced benefit, and (2) stop applying an actuarial reduction for early commencement to the unreduced early retirement benefits that class members had accrued under the relevant pension plans. Each of those instructions contains a clear order for Defendants to take a specific action, rather than to

4

pay a lump sum of calculable money, as in Frommert. Consequently, Defendants request for a stay is most appropriately considered pursuant to Rule 62(c).

   **B. Rule 62(c)**

   *1. Likelihood of Success on the Merits*

Pursuant to Rule 62(c), the Court must first consider whether the moving party has demonstrated "that there is a likelihood of reversal." Groupe SEB USA, 2014 WL 2504741, at *1 (*quoting* Dehainaut v. California Univ. of Pennsylvania, 2011 WL 3810132, at *2 (W.D. Pa. Aug. 29, 2011)). Although this analysis echoes that of a motion for a preliminary injunction, an applicant seeking a stay "has, relatively speaking, more difficulty establishing the first factor, likelihood of success on the merits, due to the difference in procedural posture." Dehainaut, 2011 WL 3810132, at *2 (*quoting* Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153-54 (6th Cir. 1991)). The party seeking such relief is "deemed to bear a very heavy burden of persuasion." Id. (*quoting* F.T.C. v. Equitable Resources, Inc., 2007 WL 1500046, at *1 (W.D. Pa. May 21, 2007)). Because of this heavy burden, "more commonly stay requests will not meet this standard and will be denied." Dehainaut, 2011 WL 3810132, at *2 (*quoting* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2904, pp. 503-05 (1995)).

   In attempting to demonstrate a likelihood of success on appeal, Defendants challenge this Court's prior rulings by relying on the precise arguments that the Court rejected at the summary judgment stage. No new arguments are advanced in the instant motion, and the authorities cited by Defendants are the same authorities that this Court considered in issuing its previous rulings. "Mere repetition of arguments previously considered and rejected cannot be characterized as a

'strong showing'" of a likelihood of success on the merits. Schwartz v. Dolan, 159 F.R.D. 380, 383-84 (N.D.N.Y. 1995) (finding no likelihood of success where "[d]efendant advance[d] no arguments that this court has not heard, and ruled upon, before."). In the absence of any persuasive legal challenges to those rulings, the Court concludes that Defendants have failed to demonstrate a substantial likelihood of success on the merits of their appeal.[1]

### 2. Irreparable Injury

Having determined that Defendants have failed to make a strong showing that they are likely to succeed on the merits of their appeal, there is an increased burden on Defendants to make a strong showing of irreparable injury. See Sciele Pharma. Inc. v. Lupin Ltd., 2012 WL 113004, at *3 (D. Del. Jan. 12, 2012). Defendants contend that if they are required to pay out benefits to Plaintiffs prior to appellate review then it might be difficult for Defendants to recover those overpayments should they ultimately prevail on appeal. However, Defendants acknowledge that they could recover those amounts by withholding future payments of benefits, as they were attempting to do when this litigation arose. (Doc. 277 at p. 25). In any event, this type of purely economic injury does not ordinarily rise to the extraordinary level of hardship required to demonstrate irreparable harm. See, e.g., Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988) ("[A] purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement . . ."); Schwartz, 159 F.R.D. at 384

---

[1] The Court's consideration of this factor does not take place in a vacuum; rather, Rule 62(c) has been described as creating a "sliding scale" in which the "probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the moving party] will suffer absent the stay." Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002). In the instant case, as discussed below, the Court ultimately concludes that both factors weigh against issuance of a stay.

(noting that even a "substantial . . . economic and administrative injury" will not "rise . . . to the level of extreme and undue hardship . . . let alone irreparable harm.").

### 3. Injury to Other Parties

The third factor, injury to other parties, also cautions against a stay. As noted by Plaintiffs, this Court's November 13 Order instructed Defendants to provide notice of the right to immediately elect to commence receiving an unreduced benefit to those class members who have not yet done so. If this action is stayed, Plaintiffs' opportunity to make that affirmative election to begin receiving benefits will continue to be deferred. Many participants undoubtedly would miss out entirely on the opportunity to elect to commence receiving unreduced early retirement benefits. For those participants, a significant portion of the relief provided by this Court's November 13 Order would be forever lost.

### 4. Public Interest

Finally, the Court considers whether the public interest favors the issuance of a stay. Defendants suggest that the public has an interest in protecting the assets of a pension plan. Plaintiffs respond that there is a public interest in favor of judicial economy, enforcement of judgments and ensuring that plan participants promptly receive the benefits to which they are entitled. On balance, the Court finds that the latter interest is more compelling.

## **CONCLUSION**

On balance, the Court finds that Defendants are not entitled to a stay pursuant to either Rule 62(d) or Rule 62(c). Consistent with the foregoing, the Court hereby enters the following:

## II. **ORDER**

Defendants' Motion to Stay Pending Appeal (**Doc. 272**) is **DENIED**.

IT IS SO ORDERED.

December 23, 2014										s\Cathy Bissoon
										Cathy Bissoon
										United States District Judge


cc (via ECF email notification):

All Counsel of Record